UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. S1-4:15-CR-335 CDP/DDN |
| | ) |
| DWANE TAYLOR, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS MOTION TO SUPPRESS EVIDENCE**

COMES NOW, Defendant, Dwane Taylor, through his attorneys, The Hale Law Firm by Larry D. Hale, and moves to suppress various items of evidence seized by the Government during a July 24, 2015 arrest of Defendant and from 1513 Ogden, St. Louis, MO.  In support of said motion, Defendant states as follows:

1. **July 20 to July 24 2015 Application for and use of a Cell Site Locator to Locate Defendant, without a proper warrant.**   Defendant moves to suppress any and all items seized from him at the time of his arrest and all evidence seized from 1513 Ogden, St. Louis, MO on the grounds that on or about July 20, 2015, Investigating agents applied for and obtained a Court order/warrant to, inter alia, obtain precision cell phone location information from T-Mobil and other cell phone service providers; to install and use pen register and trap-and-trace devices, including enhanced caller identification and to install and use a cell-site simulator device to record or decode dialing, routing, addressing, or signaling information transmitted by the Defendant's cell phone.  Said investigating agents thereafter used the cell-site simulator device to determine the location of Defendant at 1513 Ogden, St. Louis, MO and to arrest him and seize items

from him during the arrest.  The circumstance surrounding said arrest were also used to support the issuance of a warrant to search 1513 Ogden on July 24, 2015.

Use of the cell-site simulator device without a proper search warrant constituted an unlawful search.  The government needed a warrant that contained an accurate and detailed amount of information in order to use a cell site simulator to perform this Fourth Amendment search of this Defendant.  Agents did provide a warrant application to the Court on July 20, 2015, as above-described.  However, the order and warrant issued by the Court is not legally sufficient in regards to the cell-site simulator.  The application for the order and warrant fails to provide adequate information on what a cell site simulator is and how it works to a Court in order to assure that the search will not be overly intrusive.  The application does not describe with particularity what information data is scooped using the device.  Without these details, the application is overbroad in that it allows law enforcement to search and seize information from a person unrelated to suspected criminal activity and also information pertaining to third parties to whom it lacks probable cause.  In  order for a magistrate issuing a warrant to be ensured of the full scope of the search and of what material is to be seized, the application should have included information such as the government's intent to use a cell site simulator and that the cell site simulator will gather all signaling information from phone used by the Defendant, including information that at times may be unrelated to suspected criminal activity.

As was the case in <u>United States v. Lambis</u>, 2016 U.S. Dist. LEXIX 90085,2(S.D. N.Y. July 12, 2016), the use of a cell-site simulator to obtain more precise information about Defendant's phone location was not contemplated by the original warrant

application.  Obtaining a warrant for "open register information and cell site location information (CSLI) for a target cell phone" is not the same as obtaining a warrant to use a specific and uncommon device to collect "more precise information about the Defendant's phone location, that was not contemplated by the original warrant application.   If the scope of the search exceeds that permitted by the terms of a validly issued warrant ……., the subsequent seizure is unconstitutional without more.  <u>Horton v. California</u>, 496 U.S. 128, 140 (1990).   The government's use of the cell-site simulator revealed details of the home that would previously have been unknowable without physical intrusion.  Even the U.S. Department of Justice changed its policy in September, 2015 and now requires governments agents to obtain a search warrant supported by probable cause before using a cell-site simulator.

     Where the Government uses a device that is not in general public use, to explore details of the home that would previously have been unknowable without physical intrusion, the surveillance is a search and is presumptively unreasonable without a warrant.   Here the use of the cell-site simulator constitutes a Fourth Amendment search.  Without the cell-site simulator bringing the government to the residence that contained Defendant's cell phone (1513 Ogden), the government would not have a basis to locate Defendant, and would not have a basis to perform a search of the premises.

     WHEREFORE, Defendant respectfully requests that this Court enter its order, suppressing as evidence any and all items seized from Defendant at the time of his arrest or from 1513 Ogden, St. Louis, MO on July 24, 2015, and for such further and other relief as this Court may deem just and proper.

.

    Respectfully submitted,
    THE HALE LAW FIRM

    ____/S/ Larry D. Hale_____
    Larry D. Hale, #26997MO
    Attorney for Defendant
    1221 Locust, Suite 310
    St. Louis, MO 63103
    (314)231-3168
    (314)231-4072 Fax
    Halefirm@AOL.Com

### **CERTIFICATE OF SERVICE**

    This is to certify that on a copy of the foregoing was served upon all counsel of record through operation of this Court's electronic filing system on September 22, 2016.

    _____/S/ Larry D. Hale_____
    Larry D. Hale