UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. S1-4:15-CR-00335 CDP/DDN |
| | ) |
| DWANE TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR ADDITIONAL DISCOVERY**

COMES NOW, Defendant, Dwane Taylor, through counsel, Attorney, Larry D. Hale, and requests that the Government provide certain additional discovery related to its Use of electronic surveillance equipment to locate this Defendant on July 24, 2015.

1. Any and all subpoenas, court orders, and warrants, as well as applications and affidavits in support thereof, for electronic surveillance and return thereto.

2. Any and all information obtained via each such subpoena, court order or warrant.

3. Any and all documents identifying the equipment used to identify the geographic location of the Defendant's cell phone including the make and model of the equipment and the year it was manufactured.

4. Any and all e-mails, notes, logs, dispatch recordings, reports (including but not limited to investigation detail reports) and any other documents regarding efforts to identify the geographic location of the Defendant's cell phone.

5. Any and all documents describing or reflecting categories of data (e.g. incoming or outgoing telephone numbers, IP addresses; date, time and duration of call; cell site ID; cell site sector; location area code; signal strength; angle of arrival; signal time difference of arrival; ESM or MIN) obtained through real-time tracking of the location of the Defendant's cell phone.

6. All documents reflecting the cell site ID and location area code of the device used to monitor the Defendant's cell phone.

7. All documents reflecting the GPS coordinates of any device while it was mobile and was used to monitor the Defendant's cell phone.

8. All information obtained through real-time tracking of the location of the Defendant's cell phone.

9. All reports of investigation, location calculations, and other relevant documents authored and/or signed by the individuals who participated in the investigation to identify the geographic location of the Defendant's cell phone.

10. All operator's logs, training records, score sheets, certification records, training standards, and training manuals related to the device used to identify the geographic location of the Defendant's cell phone.

11. All reports of investigation, location calculations and other relevant documents reflecting the agencies that participated in the investigation to identify the geographic location of the Defendant's cell phone.

12. All test protocols and results of tests performed on the device used to identify the geographic location of the Defendant's cell phone prior to deploying the device. These test results shall include, but not be limited to, base station results of the immediate area where the Defendant's cell phone was located.

13. All expert's qualifications, summary of expected testimony, list of cases in which any such expert(s) has testified, and summary of the basis for any expert opinion related to testimony regarding the identification of the geographic location of the Defendant's cell phone.

14. The name of all individuals who participated in the use or the device in this case in any capacity.

15. Any and all documents reflecting the capacity of the device to locate cell phones while inside of physical structures.

16. Any and all documents reflecting the geographic accuracy with which the device is able to locate the target cell phone.

17. Any and all documents reflecting the path of movement of the device in this case, including both the path the device traveled if used on the inside of a vehicle or mounted on an aerial vehicle and the path the device traveled if carried by human on foot.

18. Any and all documents describing the categories of data (e.g., incoming or outgoing telephone numbers; date, time and duration of call; cell site number/sector or other information pertaining to geographic location of cell

     phone; signal strength; ESN or MIN; ping time; content of communications) collected by the device from the Defendant's cell phone and any other third party cell phones in the area.

19. Any and all documents reflecting the date, times and locations that device was used in this case.

20. Any and all documents related to any agreements or arrangements with the wireless carrier authorizing the device to become part of its network or authorizing the device to monitor a phone that received service through its network.

21. Any and all documents pertaining to any forwarding of data from the Defendant's phone to the wireless carrier's network while the device was in operation.

22. Any and all documents reflecting the impact of the use of the device on access by the Defendant's call phone to cellular service.

23. Any and all training materials including, but not limited to  training records, certifications records training standards, and training manuals related to the device used.

24. Any and all user manuals related to the device used.

25. Any and all underlying data obtained by the device, whether or not pertaining to the Defendant's cell phone.

26. Any and all documents reflecting the broadcast radius of the device used.

27. Any and all documents reflecting the number of third party cell pones with which the device exchanged information.

28. Any and all underlying data obtained by the device from third-party cell phones, replacing any actual unique numeric identifiers with substitute numeric identifiers, to protect third-party privacy interests.

29. Any and all documents regarding subsequent use or destruction of third-party data obtained by the device.

30.  Any and all documents reflecting the impact of the use of the device on access to third-party cell phones to cellular service.

31. Any and all documents reflecting the data gathered by the device while it conducted base station surveys prior to being used to identify or locate the target cell phone.

32. Any and all policies and procedures governing the devices use including the instructions about what court order, if any, to seek, what information to present to the Courts in seeking court authorization, and standard operating procedures for using devices to locate a suspect cell phone in place in July of 2015, and any subsequent changes to those policies and procedures to date by any and all agencies involved in the use of the device in this case.

33. Any and all non-disclosure agreements signed by any of the offices or agencies who participated in the use of the device in this case.

34. Any and all minimization procedures or policies in place to reduce the impact of collection of information on third-party cell phone users.

35. The Defense further requests that the device used in this case be brought to Court for the suppression hearing and its capabilities be demonstrated to the Court at the hearing by an individual trained to use the equipment.

Respectfully submitted,
THE HALE LAW FIRM

   /S/ Larry D. Hale        
Larry D. Hale, #26997MO
Attorney At Law
1221 Locust, Suite 310
St. Louis, MO 63103
(314)231-3168
(314)231-4072 Fax
Halefirm@AOL.Com

**CERTIFICATE OF SERVICE**

This is to certify that on October 7, 2016, the foregoing was filed electronically, with the office of the Clerk of this Court to be served by operation of the Court's electronic filing system upon all counsel of record.

   /S/ Larry D. Hale        
Larry D. Hale