UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CR 335 CDP / DDN |
| | ) | |
| DWANE TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON MOTION TO DISMISS INDICTMENT**

This action is before the court on the pretrial motions of the parties, which were referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b). Pending are the motions of defendant Dwane Taylor to dismiss the indictment (ECF No. 90), and to suppress evidence (ECF Nos. 13 oral, 88, 89, 117), and the motion of the United States for a determination by the court of the admissibility of any arguably suppressible evidence (ECF No. 14 oral). Evidentiary hearings were held on these matters on September 26, October 19, November 7, and November 9, 2016. Transcripts of the hearings were filed on December 9, 2016 (ECF No. 145) and January 17, 2017. (ECF Nos. 251, 152).

While the motions of defendant Taylor to suppress evidence are under consideration, the undersigned has determined to render this Report and Recommendation on his motion to dismiss the indictment (ECF No. 90).

<u>Superseding indictment is legally sufficient on its face</u>

Defendant Taylor is charged with seven counts of criminal offenses in the First Superseding Indictment. (ECF No. 26). To be legally sufficient on its face, the superseding indictment must contain all the essential elements of each offense with which

Taylor is charged, it must fairly inform him of each charge against which he must defend, and it must allege sufficient information to allow him to plead a conviction or an acquittal as a bar to a future prosecution. U.S. Const. amends. V and VI; Fed. R. Crim. P. 7(c)(1); *Hamling v. United States*, 418 U.S. 87, 117 (l974); *United States v. White,* 241 F.3d 1015, 1021 (8th Cir. 2001).

### Count One

Count One charges that defendant conspired to possess heroin and cocaine base with the intent to distribute them, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and punishable under 21 U.S.C. § 841(b)(1)(C).

This count is legally sufficient on its face, because it alleges the essential elements of the offense, that defendant (1) during an alleged period of time ("Beginning on a date unknown to the grand jury, but including on or about August 1, 2014, December 16, 2014, January 16, 2015, and continuing up to the date of this indictment" (October 7, 2015)) agreed with others (unidentified, although alleged to be known and unknown to the grand jury) to possess heroin or cocaine base with the intent to distribute it, (2) intentionally, and (3) knowingly. *United States v. Moore*, 639 F.3d 443, 447 (8th Cir. 2011); *United States v. Brown*, 2016 WL 3827727 at *3 (W.D. Mo. 2016).

### Count Two

Count Two charges defendants Taylor and Joe Edger with conspiracy between August 1, 2014, and the date of the indictment to possess one or more firearms in furtherance of the Count One drug trafficking crime, in violation of 18 U.S.C. § 924(o).

This count alleges all the essential elements of the charged offense, that defendant (1) knowingly (2) agreed with Edger and with others (3) to possess one or more firearms (4) in furtherance of a drug trafficking crime (identified as Count One). *See* 18 U.S.C. § 924(c)(1)(A), (o).

## Counts Three and Four

Counts Three and Four charge defendants Taylor and Edger with possessing, brandishing, and discharging a firearm on December 16, 2014, and on January 16, 2015, respectively, in furtherance of the Count One drug trafficking crime, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A). These counts also allege that in the course of committing these offenses, defendant deliberately murdered Erin Davis and Juanita Davis, respectively, thereby making these counts punishable under 18 U.S.C. §§ 2 and 924(j)(1).

These counts allege all the essential elements of the charged offenses, *i.e.* that defendant (1) in furtherance of a drug trafficking crime (2) knowing (3) possessed a firearm and (4) death resulted. *See* 18 U.S.C. § 924(c)(1)(A), 924(o); *Bradshaw v. United States*, 153 F.3d 704, 706 (8th Cir. 1998).

The essential element of defendant acting in furtherance of the Count One drug trafficking offense is an essential element of Count Two, 18 U.S.C. § 924(c)(1)(A), as well as of Counts Three and Four, *id.* at § 924(j)(1).

## Counts Five, Six, and Seven

Count Five charges defendant Taylor with attempting to "corruptly persuade" Joe Edger on August 20, 2015, to execute a false affidavit or give false testimony, in the instant official proceeding, in violation of 18 U.S.C. § 1512(b)(1).

Count Six charges defendant Taylor with attempting on August 20, 2015, through alleged means to "corruptly obstruct, influence, and impede" the instant official proceeding, in violation of 18 U.S.C. § 1512(b)(1).

Count Seven charges defendant Taylor with attempting on August 31, 2015, through alleged means to persuade Renee Horton to provide false information and testimony in the instant official proceeding, in violation of 18 U.S.C. § 1512(b)(1).

Each of these counts alleges all the essential elements of the crime charged, *i.e.*, that defendant (1) knowingly (2) attempted (3) to corruptly persuade (3) another person (named in the indictment), (4) with the intent to influence testimony (5) in an official proceeding. *See* 18 U.S.C. § 1512(b)(1).

<u>Motion to dismiss</u>

In this motion to dismiss, defendant Taylor argues that Counts One through Four should be dismissed, because the government has not produced to the defendant in pretrial discovery, nor presented to the Grand Jury that returned the superseding indictment, any credible evidence sufficient to establish beyond a reasonable doubt that he conspired to possess drugs with the intent to distribute, which is a factual basis upon which Count One depends, *United States v. Moore*, 639 F.3d at 447, and *per force* Counts Two through Four. *See e.g., United States v. Barrett*, 496 F.3d 1079, 1093-94 (10th Cir. 2007) (noting that drug trafficking crimes, alleged in Count 1, underlay the alleged § 924(c) offenses).

In support of these arguments, defendant states:

> The only evidence that Defendant possessed a firearm comes from the Grand Jury testimony of Co-Defendant, Joseph Edger. Edger testified that he gave Defendant a 9 mm. pistol in exchange for a .22 caliber pistol. Otherwise, the government has produced no other evidence (to the Grand Jury or otherwise) that this Defendant ever possessed a firearm, at all. No other witnesses have or will testify that Defendant possessed a firearm and no such firearm has been found in Defendant's possession or otherwise. Likewise, no drugs of any kind have been found in Defendant's possession or in close proximity to him.

(ECF No. 90 at 4). Defendant further describes Edger's testimony:

> Edger has further testified that the deceased, Juanita Davis, robbed this Defendant and stole money, his car keys, his car, and one half ounce of heroin and one half ounce of cocaine. According to Joe Edger, the half ounce of heroin was found in Defendant's pants located in Defendant's vehicle when it was recovered. The Government seems to suggest that Defendant killed Juanita Davis and Erin Davis because of the robbery by Juanita Davis. Such a suggestion does not explain the alleged murder of Erin Davis, who had nothing to do with this robbery. Moreover, a suggested theory is not evidence sufficient to support an indictment or finding of guilt at trial. Joe Edger has not testified that Defendant

> possessed a firearm for any purpose related to drug trafficking. There is no evidence that Erin Davis knew this Defendant or had anything to do with his alleged drug trafficking activity.

(*Id.* at 5).

Defendant cites *United States v. Allen*, 406 F.3d 940 (8th Cir. 2005) (a death penalty case in which the indictment violated the Fifth Amendment by not alleging a statutory aggravating factor and mens rea on which the jury relied, but in which the Court of Appeals affirmed the conviction because the grand jury was presented with evidence upon which it could have made the required findings). In this case, defendant argues the grand jury received no evidence tying him to the drug trafficking crime with which he is charged in Count One.[1]

In response, the government argues that, because defendant does not challenge the legal sufficiency of the language of the superseding indictment, the court may not investigate to determine whether there was legally sufficient evidence before the grand jury to support the indictment. (ECF No. 114 at 3-4). The court agrees that such is the case, especially because the court has determined *above* that the language of each of Counts One through Four is legally sufficient on its face. *See United States v Calandra*, 414 U.S. 338, 344-45 (1974); *United States v. Costello*, 350 U.S. 359, 408-09 (1956); *United States v. Pemberton*, 121 F.3d 1157, 1165 (8th Cir. 1997). The Supreme Court explained:

> The scope of the grand jury's powers reflects its special role in insuring fair and effective law enforcement. A grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated. Rather, it is an ex parte investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person. The grand jury's investigative power must be broad if its public responsibility is adequately to be discharged.

* * *

---

[1] As an aside, there is authority for the proposition that defendant need not be alleged to have committed the Count One drug trafficking crime that underlies Counts Two through Four. *United States v. Barrett*, 496 F.3d at 1094.

> The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination.

*Calandra*, 414 U.S. at 343-45 (citations and indicia of quotations omitted).

## **RECOMMENDATION**

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that the motion of defendant Dwane Taylor to dismiss the superseding indictment (ECF No. 90) **be denied.**

The parties are advised they have 14 days in which to file written objections to this Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.


　　　　　　　　　　　　　　　　　　/S/   David D. Noce
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


Signed on January 30, 2017.